## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**DANIEL LEE WADDELL,** )<br>)<br>**Defendant.** )<br>_____ ) | **CRIMINAL ACTION**<br><br>**No. 13-20024-01-KHV** |

### MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

On February 19, 2014, both in this case and in D. Kan. No. 13-20108-01, the Court sentenced defendant to 210 months in prison with the sentences in each case to run concurrent to each other but consecutive to any sentence to be imposed for violation of supervised release in D. Kan. No. 07-20112-01 or W.D. Mo. No. 07-5053-01.   In this case only, the parties have submitted an agreed order (AO Form 247) under 18 U.S.C. § 3582(c)(2), which proposes to reduce defendant's sentence from 210 to 188 months in prison.   For reasons stated below, the Court declines to enter the agreed order.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his

sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).   Under Tenth Circuit precedent, the first hurdle is jurisdictional.   Id. at 1289.

Defendant satisfies the first requirement, i.e. his current sentence of 210 months is based on a guideline range the Sentencing Commission lowered after his sentencing.   Defendant's original guideline range was 168 to 210 months.   Amendment 821 reduces his criminal history points from 13 to 12, which also reduces his criminal history category from VI to V.   Accordingly, his amended guideline range is 151 to 188 months.

Defendant also satisfies the second requirement.   Under the Commission's policy statement, the Court cannot reduce defendant's term of imprisonment to a term less than 151 months, which is the minimum of the amended guideline range.   U.S.S.G. § 1B1.10(b)(2)(A). The joint request for a sentence of 188 months at the high end of the amended range is consistent with the Commission's policy statement.

As to the third requirement, the parties have presented insufficient information for the Court to exercise its discretion and impose a sentence at the high end of the amended guideline range.   At this step, after considering any applicable factors set forth in Section 3553(a), the Court may exercise its discretion and reduce defendant's term of imprisonment if it determines that a reduced sentence is warranted in whole or in part under the particular circumstances of the case. Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016).   To determine the extent of any reduction, the Court must consider the Section 3553(a) factors and the nature and seriousness of the danger to any person or the

community that a reduced sentence poses.   U.S.S.G. § 1B1.10 cmt. n.1(B)(ii); <u>see Piper</u>, 839 F.3d at 1266.   The Court may also consider defendant's post-sentencing conduct.   <u>United States v. Osborn</u>, 679 F.3d 1193, 1195–96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).   Here, the proposed form order and the accompanying email from the Federal Public Defender ("FPD") do not address why the Section 3553(a) factors, public safety considerations or defendant's post-sentencing conduct support the agreed sentence.

Furthermore, the record is unclear whether defendant has given counselled consent to the proposed sentence.   This omission is perhaps explainable by the fact that according to the FPD, the government and "each client" have agreed to the recommended reduction.   The FPD does not mention whether this defendant personally agrees and if so, whether the FPD advised him that he could seek a reduction to the low end of the amended guideline range.   In addition, the record does not reflect why defendant would agree to a sentence at the high end of the range or whether the government's recommendation of a high-end sentence is conditional on the FPD's request for the same sentence.

At the original sentencing, under the plea agreement, the government agreed not to request a sentence in excess of the high end of the guideline range and defendant agreed not to request a sentence below the low end of the guideline range.   <u>Plea Agreement</u> (Doc. #25) filed October 29, 2013, ¶ 3.   Even if the plea agreement binds the parties in a proceeding under Section 3582(c)(2), defendant can nevertheless request a sentence **at** the low end of the guideline range.   <u>Cf. United States v. Sanchez</u>, 644 F. App'x 943, 943 (11th Cir. 2016) (plea agreement did not address parties' obligations in event of future § 3582(c)(2) proceeding).   The proposed form order and the accompanying email do not demonstrate that the FPD has advised defendant that after balancing the factors under Section 3553(a) and potentially considering his post-sentencing conduct, the

Court has discretion to reduce his sentence to the low end of the amended guideline range, i.e. 37 months less than the "agreed" term of imprisonment.[1]  Compare United States v. Wilson, 8 F.4th 970, 983 n.4 (9th Cir. 2021) (Vratil, D.J., dissenting) (at oral argument, assistant FPD candidly admitted that FPD did not speak to defendant before stipulating on his behalf and in context of mass re-sentencing environment under Amendment 782, record refuted suggestion that FPD had traditional attorney-client relationship with each of numerous defendants whom it purported to represent).   The Court therefore declines to enter the parties' proposed order for this additional reason.[2]

---

[1]    The Court recognizes that in some cases, the Section 3553(a) factors may support a sentence at the high end of the amended range.  In such cases, to help ensure that the Court grants *some* relief, a defendant may strategically choose to waive his right to ask the Court for a reduced sentence at the low end of the amended guideline range.

[2]    As with Amendment 782 motions, the FPD and the U.S. Attorney have apparently informally agreed that if a defendant in the District of Kansas is eligible for relief under Amendment 821, he or she should receive an amended sentence relative to the amended guideline range that is comparable to the relationship between the original sentence and the original range. In other words, if a defendant received a sentence at the low end of the original guideline range, the FPD and U.S. Attorney agree that the appropriate relief under Amendment 821 is a sentence at the low end of the amended range.   On the other hand, if a defendant received a sentence at the high end of the original guideline range, the FPD and U.S. Attorney agree that the appropriate relief under Amendment 821 is a sentence at the high end of the amended range.

Global agreements of this nature do not account for how the various sentencing factors apply in individual cases.  As to the defendants who initially received sentences at the low end of the guideline range, the government's agreement to recommend a reduced sentence at the low end of the amended range seems appropriate for purposes of the efficient handling of the large number of cases and uniform treatment of similarly-situated defendants.   Likewise, defendants who are so situated suffer no prejudice because they receive the maximum relief authorized by statute.   On the other hand, the Court questions whether a global agreement between the FPD and U.S. Attorney can properly apply to individual defendants who initially received sentences above the low end of the range.   Absent a knowing waiver, such defendants have the right to a judicial determination whether the various sentencing factors and their individual circumstances support a reduction to the low end of the amended range.

As explained above, defendant has satisfied the first two requirements for relief under Amendment 821.  **On or before January 9, 2024, the government shall show good cause in writing why pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, the Court should not sua sponte reduce defendant's sentence to 151 months in prison or to time served if he has already served 151 months.   The government's response shall include (1) defendant's estimated release date if the Court reduces his sentence to 151 months, (2) whether defendant is eligible for relief in his companion case, D. Kan. No. 13-20108-01 and (3) the government's position on each applicable Section 3553(a) factor, any applicable public safety consideration and defendant's post-sentencing conduct.   On or before January 16, 2024, defendant shall file a reply.   Defendant's reply shall include his position on each applicable Section 3553(a) factor, any applicable public safety consideration and his post-sentencing conduct.**

The FPD is advised that unless a defendant seeks pro se relief, the following procedure applies as to any future requests for relief under Section 3582(c)(2) before the undersigned judge. Before the Court will enter an agreed order under Section 3582(c)(2) which requests a sentence above the low end of the amended guideline range, the public record must reflect that (1) defense counsel has personally consulted with defendant about the relief requested; (2) defense counsel has advised defendant about the following legal issues: (a) under Section 3582(c)(2) and the applicable policy statement, after balancing the applicable Section 3553(a) factors, any applicable public safety consideration and potentially defendant's post-sentencing conduct, the Court has authority to reduce defendant's sentence to the low end of the amended guideline range and (b) if the Court enters the agreed order, defendant is precluded from later seeking to reduce his sentence

under Amendment 821; and (3) so informed, defendant personally agrees to the requested relief.[3]

**IT IS THEREFORE ORDERED** that on or before January 9, 2024, the government shall show good cause in writing why pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, the Court should not sua sponte reduce defendant's sentence to 151 months in prison or to time served if he has already served 151 months.   The government's response shall include (1) defendant's estimated release date if the Court reduces his sentence to 151 months, (2) whether defendant is eligible for relief in his companion case, D. Kan. No. 13-20108-01 and (3) the government's position on each applicable Section 3553(a) factor, any applicable public safety consideration and defendant's post-sentencing conduct.   On or before January 16, 2024, defendant shall file a reply.   Defendant's reply shall include his position on each applicable Section 3553(a) factor, any applicable public safety consideration and his post-sentencing conduct.

Dated this 2nd day of January, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]       The Court understands that the FPD faces a monumental task in efficiently seeking relief on behalf of numerous defendants.   The above procedure is required only in cases where the proposed sentence is higher than the low end of the amended guideline range.   It is not intended to cast doubt on agreements in cases where defendant personally agrees and counsel for both parties have considered all relevant sentencing factors.