IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 13-20024-01-KHV |
| DANIEL LEE WADDELL, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On February 19, 2014, both in this case and in D. Kan. No. 13-20108-01, the Court sentenced defendant to 210 months in prison with the sentences in each case to run concurrent to each other but consecutive to any sentence to be imposed for violation of supervised release in D. Kan. No. 07-20112-01 or W.D. Mo. No. 07-5053-01. On December 19, 2023, in this case only, the Federal Public Defender ("FPD") submitted an agreed order (AO Form 247) under 18 U.S.C. § 3582(c)(2), which proposed to reduce defendant's sentence from 210 to 188 months in prison, i.e. the high end of the amended guideline range. On January 2, 2024, the Court declined to enter the agreed order and ordered the parties to show good cause in writing why pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, the Court should not sua sponte reduce defendant's sentence to 151 months, i.e. the low end of the amended guideline range. Memorandum And Order And Order To Show Cause (Doc. #49). This matter is before the Court on the parties' responses to the Court's order to show cause. For reasons stated below, both in this case and in D. Kan. No. 13-20108-01, the Court sua sponte reduces defendant's sentence to 151 months in prison.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d

945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

As the Court noted in its prior order, defendant satisfies the first requirement, i.e. his current sentence of 210 months is based on a guideline range the Sentencing Commission lowered after his sentencing. Memorandum And Order And Order To Show Cause (Doc. #49) at 2. Defendant's original guideline range was 168 to 210 months. Amendment 821 reduces his criminal history points from 13 to 12, which also reduces his criminal history category from VI to V. Accordingly, his amended guideline range is 151 to 188 months.

Likewise, defendant satisfies the second requirement. A sentence within the amended guideline range is consistent with the Commission's policy statement. U.S.S.G. § 1B1.10(b)(2)(A).

As to the third requirement, after considering any applicable factors set forth in Section 3553(a), the Court may exercise its discretion and reduce defendant's term of imprisonment if it determines that a reduced sentence is warranted in whole or in part under the

particular circumstances of the case.  Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016).  To determine the extent of any reduction, the Court must consider the Section 3553(a) factors and the nature and seriousness of the danger to any person or the community that a reduced sentence poses.  U.S.S.G. § 1B1.10 cmt. n.1(B)(ii); see Piper, 839 F.3d at 1266.  The Court may also consider defendant's post-sentencing conduct. United States v. Osborn, 679 F.3d 1193, 1195–96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).

The government argues that the Court should not reduce defendant's sentence below 188 months, i.e. the high end of the amended guideline range.  Defendant argues that the Court should lower his sentence to 151 months, the low end of the amended guideline range.[1]

A sentence of 151 months is consistent with defendant's history and characteristics, the

---

[1]    By email dated December 19, 2023, the FPD asked the Court to reduce defendant's sentence to 188 months, i.e. the high end of the amended guideline range.  Now, after the Court ordered the parties to show cause why it should not impose a lower sentence, defendant seeks a sentence of 151 months, i.e. the low end of the amended guideline range.  The FPD emphasizes that it consulted with defendant about the original request for a sentence at the high end of the guideline range and that he consented to that relief.  Even so, defendant's change in position on the appropriate sentence emphasizes the need for the procedure which this Court has adopted for requests for relief under Section 3582(c)(2) before the undersigned judge.

As explained in the Court's prior order, before the Court will enter an agreed order under Section 3582(c)(2) which requests a sentence above the low end of the amended guideline range, the public record must reflect that (1) defense counsel has personally consulted with defendant about the relief requested; (2) defense counsel has advised defendant about the following legal issues: (a) under Section 3582(c)(2) and the applicable policy statement, after balancing the applicable Section 3553(a) factors, any applicable public safety consideration and potentially defendant's post-sentencing conduct, the Court has authority to reduce defendant's sentence to the low end of the amended guideline range and (b) if the Court enters the agreed order, defendant is precluded from later seeking to reduce his sentence under Amendment 821; and (3) so informed, defendant personally agrees to the requested relief.  Memorandum And Order And Order To Show Cause (Doc. #49) at 5–6.

seriousness of the offense, the need for deterrence and the need to protect the public. See 18 U.S.C. § 3553(a). More importantly, defendant's post-sentencing conduct and rehabilitation warrant a sentence at the low end of the amended guideline range. In stark contrast to the lengthy history of criminal behavior and violence which the Court weighed at his initial sentencing, defendant has no history of violent conduct since his incarceration in 2013. Indeed, in the past seven years, he has had no disciplinary incidents. He has maintained the same job in prison for some three years and has strengthened his relationships with family members. For some two years, defendant has been eligible for a transfer from a high security facility to a medium security facility. Even so, because of lockdowns and space availability, BOP has not transferred him. He has completed educational and vocational programing on a variety of subjects. Because of the length of defendant's sentence and his placement at a high security facility, he has been unable to take advantage of other educational programs. He currently is on a waitlist for many educational programs including the BOP's Residential Drug Abuse Program. With a reduced sentence of 151 months and after good-time credit, defendant will have some 19 months remaining on his prison term.

The government argues that defendant's conduct in prison has been "unimpressive at best" and suggests that upon release, he likely will remain a threat to the public. Response Of The United States To The Court's Order To Show Cause (Doc. #53) filed January 8, 2024 at 6–7. The government notes that defendant's disciplinary incidents have been non-violent except for an incident in 2010, when defendant threatened another with bodily harm. The government ignores the fact that in 2010, defendant was in prison on a prior sentence. The disciplinary incident some 14 years ago combined with the numerous instances of violence before the Court sentenced defendant in this case highlight the remarkable improvement in defendant's behavior and his

successful post-sentencing rehabilitation.[2]  Based on defendant's post-sentence rehabilitation, after serving a term of 151 months in prison, he is not likely to pose a danger to society upon release.

After balancing the Section 3553(a) factors, defendant's post-sentencing conduct and the nature and seriousness of the danger to others and the community that a reduced sentence poses, the Court reduces defendant's sentence to 151 months in prison.[3]

**IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, the Court reduces defendant's sentence to 151 months in prison, to be served concurrently with the term of imprisonment imposed in U.S. District Court, District of Kansas Case No. 13-20108-01.  This term shall run consecutively to any term of imprisonment imposed for supervised release violations in Case Numbers 6:07CR10112 and 3:07CR05053.  Except as modified above, all other terms and conditions of the original <u>Judgment In A Criminal Case</u> (Doc. #32) filed February 20, 2014 shall continue to apply, including a term of supervised release of three years.**

Dated this 1st day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[2]  As a juvenile, beginning at the age of 11, defendant had numerous contacts with law enforcement officers.  <u>Presentence Investigation Report</u> (Doc. #28), ¶¶ 51–59.  As an adult, he had several convictions including battery, aggravated battery and two instances of being a felon in possession of a firearm.  <u>Id.</u>, ¶¶ 60, 62, 64–65.  In this case, defendant attempted to commit two separate bank robberies.  <u>Id.</u>, ¶¶ 12–20.  During the first robbery, defendant brandished a rifle.  <u>Id.</u>, ¶¶ 12, 34.  As he attempted to flee from law enforcement after a second attempted robbery, he fired a gun numerous times at police officers.  <u>Id.</u>, ¶¶ 14–17, 22.

[3]  The parties agree that defendant is also eligible for relief in D. Kan. No. 13-20108-01.  The Court therefore will order similar relief in that case.